# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LENGEORGE M. BURNS,**

    **Petitioner,**

    **v.**           Case No. 18-CV-1893

**BRIAN FOSTER,**

    **Respondent.**

## ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE AND RULE 4 ORDER

Lengeorge M. Burns, who is currently incarcerated at the Waupun Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Accompanying his petition is a motion for leave to proceed without prepayment of the filing fee. (Docket # 2.) Burns has also submitted his prison account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 3.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Burns' affidavit and his prison account statement, I find that he has insufficient assets to pay the $5.00 filing fee. Accordingly, Burns' motion to proceed without prepayment of the filing fee (Docket # 2) is granted.

I must now review his petition in accordance with Rule 4 of the Rules Governing Section

2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, the Court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Burns alleges that he was convicted on insufficient evidence, his trial and post-conviction counsel provided ineffective assistance, and the trial court abused its discretion by denying Burns an opportunity to preserve his counsel's testimony. (Docket # 1.) Thus, the grounds stated by Burns in his petition translate, at least colorably, into violations of Burns' rights under the United States Constitution. Burns alleges that he exhausted his state court remedies as to all grounds for relief. (*Id.*)

Therefore, I conclude that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate because it does not plainly appear from "the face of the petition" that the petitioner is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that a copy of the petitioner's petition and this Order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent is directed to serve and file an answer, motion, or other response to the petition for writ of habeas corpus, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED** that unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

4. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

5. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 4th day of December, 2018.

          BY THE COURT

          _s/_ _Nancy Joseph_
          NANCY JOSEPH
          United States Magistrate Judge